**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2020-LOOP, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2020-LOOP AND THE COMPANION LOAN HOLDERS, AS THEIR INTERESTS MAY APPEAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>181 WEST MADISON PROPERTY LLC, a Delaware limited liability company,<br><br>　　　　Defendant. | Case No.: 1:26-cv-03416<br><br>Hon. Robert W. Gettleman<br><br>Magistrate Judge Young B. Kim |

**REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF RECEIVER**

Plaintiff Wells Fargo Bank, National Association, as Trustee for the Benefit of Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2020-LOOP, Commercial Mortgage Pass-Through Certificates, Series 2020-LOOP and the Companion Loan Holders, as their interests may appear ("Plaintiff"), acting by and through its special servicer, Situs Holdings, LLC, and its undersigned counsel, and for its Reply in Support of its Motion for Appointment of Receiver ("Motion") pursuant to Federal Rule of Civil Procedure 66 in this cause states:

**BACKGROUND**

On March 27, 2026, Plaintiff filed a Complaint for Foreclosure and Other Relief ("Complaint") in this cause against Defendant 181 West Madison Property LLC ("Defendant"). (Doc. 1.)　Defendant was served with the Complaint on April 2, 2026. (Doc. 11.)

On April 3, 2026, Plaintiff filed a Motion for Appointment of Receiver in this cause.

(Doc. 10.)  On April 7, 2026, the Court entered a briefing schedule on the Motion, which required Defendant to respond to the Motion by April 22, 2026, and Plaintiff shall file a reply by April 29, 2026.  (Doc. 12.)  The Court also ordered Plaintiff to serve Defendant with a copy of the Motion and the briefing schedule.  (*Id.*)  Plaintiff served Defendant with a copy of the Motion and briefing schedule on April 8, 2026.  (Doc. 13.)  Defendant has not filed a response to the Motion.

## **ARGUMENT**

Plaintiff incorporates the Relevant Facts, Argument and Proposed Receiver set forth in the Motion as though fully set forth herein.  Since the Motion was filed on March 27, 2026, the need for the appointment of a receiver is more urgent than before.  Utilities and vendors have continued to not be paid by the Defendant.  For example, as of April 20, 2026, the elevator vendor was owed more than $495,000 (which includes amounts 60-90 days overdue); the building and facilities service vendor was owed more than $421,000 (which includes amounts 60-90 days overdue); and the security services vendor was owed more than $147,000 (which includes amounts 60-90 days overdue).  Based on information received from the current property manager, they have been contacted by several vendors regarding the delinquent invoices. All of this clearly shows that Defendant is not properly maintaining the Property, and a receiver is urgently needed to ensure proper maintenance and that vendors are being paid on a timely basis, particularly those that involve public safety such as the elevator vendor.  Moreover, the Events of Default as described in the Complaint have not been cured and are continuing.

Pursuant to Section 7.1(g) of the Mortgage, Defendant agreed that Plaintiff has the right to apply for the appointment of a receiver of the Property "without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Defendant, any

guarantor or any indemnitor with respect to the Loan or of any Person liable for the payment of the Debt." (Doc. 1, Compl., ¶ 34.R.) As set forth in the Motion, numerous federal courts have appointed receivers in foreclosure actions where the loan documents provide for the appointment of a receiver in the event of default like the case here. *See*, *e.g.*, *CFSP 2024-AHP1 147-03 N. Boulevard LLC v. Flushing Realty NY LLC*, No. 25-CV-2768 (EK) (TAM), 2025 WL 4229083, at *5 (E.D.N.Y. Nov. 13, 2025) (receiver appointed, in part, because "Loan Documents expressly provide for the appointment of a receiver if an Event of Default occurs").

Finally, the Motion should be granted because Defendant has not filed a response to the Motion, and is thus not objecting to the granting of the Motion and the appointment of a receiver. *Vanco v. Mancini*, 495 F. Supp. 3d 712, 717 (N.D. Ill. 2020) (motion to dismiss granted as unopposed); *see also Gibson v. Chubb Nat'l Ins. Co.*, 734 F. Supp. 3d 780, 790 (N.D. Ill. 2024) (unopposed motion granted); *Gaines v. Chicago Bd. of Educ.*, 717 F. Supp. 3d 746, 763 (N.D. Ill. 2024) (same). Plaintiff's proposed receiver, Matthew D. Mason of Hilco Real Estate, should be appointed as soon as possible to ensure, in part, that the Property is properly maintained and that vendors are being paid on a timely basis.

WHEREFORE, Plaintiff Wells Fargo Bank, National Association, as Trustee for the Benefit of Holders of J.P. Morgan Chase Commercial Mortgage Securities Trust 2020-LOOP, Commercial Mortgage Pass-Through Certificates, Series 2020-LOOP and the Companion Loan Holders, as their interests may appear, respectfully requests the following relief: (1) that the Motion for Appointment of Receiver be granted for the reasons stated herein and in the Motion; (2) that a receiver be appointed for the Property as soon as possible; (3) that Matthew D. Mason of Hilco Real Estate be appointed as the receiver for the Property; and (4) that the Court enter any further relief that it deems just and proper.

3

Dated: April 23, 2026

Respectfully submitted,

WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE, FOR THE
BENEFIT OF HOLDERS OF J.P. MORGAN
CHASE COMMERCIAL MORTGAGE
SECURITIES TRUST 2020-LOOP,
COMMERCIAL MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2020-LOOP AND THE
COMPANION LOAN HOLDERS, AS THEIR
INTERESTS MAY APPEAR,

By: */s/ Robert W. Brunner*

Robert W. Brunner
Nathan E. Delman
KILPATRICK TOWNSEND & STOCKTON LLP
500 West Madison Street, Suite 3700
Chicago, Illinois 60661
(312) 606-3200
bbrunner@ktslaw.com
ndelman@ktslaw.com

4